UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JUL 08 2002
ROBERT ___, CLERK
BY _____
DEPUTY

| | |
|---|---|
| CLIFFORD BENSON, INDIVIDUALLY, AND ON BEHALF OF OTHER FORMER AND PRESENT CITY OF MONROE EMPLOYEES SIMILARLY SITUATED | CIVIL ACTION NO. CV02-1423-S |
| VERSUS | JUDGE  JUDGE STAGG |
| THE CITY OF MONROE | MAGISTRATE  MAGISTRATE JUDGE PAYNE |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, CLIFFORD BENSON, (hereinafter "BENSON"), who files this his Original Complaint, and would respectfully show the Court as follows:

**JURISDICTION**

1. This is an action to recover unpaid overtime compensation, liquidated damages, attorneys' fees, damages and costs. Jurisdiction is based on Section 216(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §216(b)), hereinafter sometimes referred to as the Act, and to recover unpaid wages, retirement benefits, attorneys fees, costs, and other damages or benefits to which Plaintiff is entitled under the laws and

jurisprudence of the State of Louisiana, including the provisions of La. R.S. 23:631, 632, and any other applicable law.

## PARTIES

2.   Plaintiff, CLIFFORD BENSON ("Benson"), is a person of the full age of majority domiciled in Ouachita Parish, Louisiana, who brings this action on behalf of himself and other present and former employees similarly situated.

3.   Defendant, THE CITY OF MONROE, ("Monroe") is a political subdivision of the State of Louisiana located in Ouachita Parish, Louisiana.

## FACTUAL ALLEGATIONS

4.   Benson, the former City of Monroe Equine Coordinator, and other present and former employees similarly situated were or are employed by the City of Monroe, Monroe, Louisiana, within the meaning of Section 3(d) of the Act (29 U.S.C. §203 (d)). Benson's employment with defendant ended in May, 2002.

5.   For more than three years prior to the date of filing of this complaint, defendant employed plaintiff and others similarly situated in various occupations in connection with the business of defendant employer. During the respective periods of their employment, plaintiff and others similarly situated were engaged in

activities which directly affected interstate commerce within the meaning of 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a) and 207(a).

6. Plaintiff and others similarly situated are employees of defendant within the meaning of 29 U.S.C. §203(e) in that they were employees of defendant, a political subdivision of the State of Louisiana, at all relevant times mentioned herein.

7. During the period of the plaintiff's employment, defendant employed plaintiff and other employees similarly situated in work weeks which exceeded 40 hours and during said work weeks intentionally and willfully failed and refused to compensate plaintiff and other employees similarly situated for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which he was employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. §207(a)). Specifically, defendant failed to pay "comp time" that plaintiff and others similarly situated had accrued during the course of his employment with the City of Monroe. Additionally, defendant violated the FLSA by allowing plaintiff and others similarly situated to accrue comp time in excess of the statutory maximum of 240 hours.

8. As a result of defendant's actions in failing to comply with applicable federal and state law, defendant is indebted to

plaintiff for all damages related to defendant's actions including all statutory penalties, liquidated damages, retirement contributions which should have been made to, or on behalf of, plaintiff including the resultant effect on plaintiff's individual contributions to any retirement plan, attorneys fees, costs, overtime wages and any and all other benefits or damages to which plaintiff is entitled by law.

9. Plaintiff shows that there are similarly situated former and present employees of the defendants who were not paid their accrued comp time following termination as provided by law, and/or were paid comp time in excess of the 240 hour cap provided in the FLSA. Plaintiff should be provided the names and addresses of (1) former employees of the City of Monroe from June 30, 2000 to June 30, 2002 to provide notice to these former or present employees of the pendency of this action to allow persons to make a determination as to whether they desire to join in this action.

WHEREFORE, Plaintiff prays that after due proceedings had:

1. There be judgment in favor of plaintiff and other employees similarly situated and against defendant in the amounts due plaintiff and other employees similarly situated for unpaid wages, overtime compensation, liquidated damages, statutory penalties, and all damages resulting from defendants' failure to

pay wages and/or overtime compensation including but not limited to retirement contributions required to be made to or on behalf of plaintiff, and others similarly situated, including the resultant effect on plaintiff's retirement benefits and such other damages, benefits, and other relief as provided by law pursuant to the Fair Labor Standards Act of 1938, as amended, La. R.S. 23:631, 632 and other applicable provisions of law;

2. That judgment be rendered awarding costs to plaintiff, and others similarly situated, under the provisions of the Fair Labor Standards Act of 1938, as amended, La. R.S. 23:631 *et seq.* and other applicable provisions of law;

3. That plaintiff, and others similarly situated, be awarded reasonable attorneys fees for the prosecution of this action pursuant to the Fair Labor Standards Act of 1938, as amended, La. R.S. 23:632, and other applicable provisions of law;

4. For full, general and equitable relief; and

5. For trial by jury as to all claims herein.

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: _____
    Bryce J. Denny   #22763

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone:  (318) 221-6277
Telecopier: (318) 227-7850

ATTORNEYS FOR PLAINTIFF,
CLIFFORD BENSON